# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| WILLIAM ECHOLS, | ) | CASE NO. 1:17CV859 |
| | ) | |
| | ) | |
| PETITIONER, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | MEMORANDUM OPINION AND |
| | ) | ORDER |
| BRIGHAM SLOAN, Warden, | ) | |
| | ) | |
| | ) | |
| RESPONDENT. | ) | |

Before the Court is the Report and Recommendation of Magistrate Judge David A Ruiz (Doc. No. 13 ["R&R"]) recommending dismissal of this petition for writ of habeas corpus filed under 28 U.S.C. § 2254. *Pro se* petitioner William Echols ("Echols") filed objections to the R&R. (Doc. No. 14 ["Obj."].)

In accordance with 28 U.S.C. § 636(b)(1) and *United States v. Curtis*, 237 F.3d 598, 602–03 (6th Cir. 2001), this Court has made a de novo determination of the magistrate judge's R&R. For the reasons stated below, the Court overrules Echols' objections, adopts the R&R in its entirety, and dismisses Echols' petition for a writ of habeas corpus.

## I. BACKGROUND

Echols filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 on April 21, 2017. (Doc. No. 1 ["Pet."].) Echols seeks relief from the sentence issued by the state trial court following a jury trial in which the jury returned guilty verdicts against Echols for two counts of rape, in violation of Ohio Rev. Code § 2907.02(A)(2), and two counts of kidnapping,

in violation of Ohio Rev. Code § 2905.01(A)(4). (R&R at 1174[1].) The magistrate judge summarized the factual predicate for these offenses, as determined by the state appellate court, as well as Echols' efforts to appeal his convictions in the state courts. Echols does not challenge the accuracy of the magistrate judge's summary of the procedural history, and the Court will accept the magistrate's summary, as if rewritten herein. (*See id*. at 1174–76; *see also* Obj. at 1191.)

Echols raised four grounds for relief in his habeas petition. In the R&R, the magistrate judge recommended that the Court reject all grounds on the basis that they were procedurally defaulted and that there was no excuse for the default. (R&R at 1183–87.) Echols filed timely objections to the R&R.

**II. STANDARD OF REVIEW**

Under 28 U.S.C. § 636(b)(1), "[a] judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *See Powell v. United States*, 37 F.3d 1499 (Table), 1994 WL 532926, at *1 (6th Cir. Sept. 30, 1994) ("Any report and recommendation by a magistrate judge that is dispositive of a claim or defense of a party shall be subject to de novo review by the district court in light of specific objections filed by any party.") (citations omitted). "An 'objection' that does nothing more than state a disagreement with a magistrate's suggested resolution, or simply summarizes what has been presented before, is not an 'objection' as that term is used in this context." *Aldrich v. Bock*, 327 F. Supp. 2d 743, 747 (E.D. Mich. 2004); *see also* Fed. R. Civ. P. 72(b)(3) ("The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to."); L.R. 72.3(b) (any objecting party shall file

---

[1] All page numbers refer to the page numbers generated by the Court's electronic docketing system.

"written objections which shall specifically identify the portions of the proposed findings, recommendations, or report to which objection is made and the basis for such objections"). After review, the district judge "may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3).

When undertaking its de novo review of any objections to the R&R, this Court must be additionally mindful of the standard of review applicable in the context of habeas corpus. "Under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), 110 Stat. 1214, a federal court may grant habeas relief only when a state court's decision on the merits was 'contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by' decisions from [the Supreme] Court, or was 'based on an unreasonable determination of the facts.' 28 U.S.C. § 2254(d)." *Woods v. Donald*, -- U.S.--, 135 S. Ct. 1372, 1376, 191 L. Ed. 2d 464 (2015) (per curiam). This standard is "intentionally difficult to meet." *Id.* (internal quotation marks and citations omitted). "To satisfy this high bar, a habeas petitioner is required to 'show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement.'" *Id.* (quoting *Harrington v. Richter*, 562 U.S. 86, 103, 131 S. Ct. 770, 178 L. Ed. 2d 624 (2001)).

### III. ECHOLS' OBJECTIONS

Echols does not challenge the magistrate judge's determination that his federal habeas claims are procedurally defaulted. Generally, a federal court will not review a procedurally defaulted claim on habeas corpus review "[o]ut of respect for finality, comity, and the orderly

3

administration of justice[.]" *Dretke v. Haley*, 541 U.S. 386, 388, 124 S. Ct. 1847, 158 L. Ed. 2d 659 (2004). "This is a corollary to the rule that 'federal courts will not disturb state court judgments based on adequate and independent state law procedural grounds.'" *Nelloms v. Jackson*, 129 F. App'x 933, 936 (6th Cir. 2005) (quoting *Dretke*, 541 U.S. at 392)). "The only exceptions to this rule are when a state prisoner can demonstrate cause for the procedural default and prejudice as a result of the alleged constitutional violation, or can demonstrate that failure to review the constitutional claim will result in a fundamental miscarriage of justice." *Id.* (citing *Coleman v. Thompson*, 501 U.S. 722, 749–50, 111 S. Ct. 2546, 115 L. Ed. 2d 640 (1991)); *see Bousley v. United States*, 523 U.S. 614, 622, 118 S. Ct. 1604, 140 L. Ed. 2d 828 (1998) (citations omitted).

Echols relies on the latter exception and "asserts that it would be truly a miscarriage of justice to allow a procedural bar to prevent" the Court from reaching the merits of his habeas claims. (Obj. at 1192–93.) A prisoner can establish a fundamental miscarriage of justice by showing that "'in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him.'" *Bousley*, 523 U.S. at 623 (quoting *Schlup v. Delo*, 513 U.S. 298, 327–28, 115 S. Ct. 851, 130 L. Ed. 2d 808 (1995)); *see Souter v. Jones*, 395 F.3d 577, 589–90 (6th Cir. 2005) (a prisoner must "'present[] evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error'") (quoting *Schlup*, 513 U.S. at 316). In other words, he must demonstrate that "'a constitutional violation has probably resulted in the conviction of one who is actually innocent[.]'" *See Schlup*, 513 U.S. at 324 (quoting *Murray v. Carrier*, 477 U.S. 478, 496, 106 S. Ct. 2639, 91 L. Ed. 2d 397 (1986)). "To be credible, [a claim of actual

innocence] requires petitioner to support his allegations of constitutional error with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *Id.* at 324.

Echols fails to present any new, reliable evidence that was not available at his trial showing that he is actually innocent of the crimes for which he is convicted. Instead, Echols relies on his merits arguments by reproducing, virtually verbatim, portions of his traverse relating to his claims of improper joinder, insufficiency of the evidence, alleged Confrontation Clause violations, and failure to merge allied offenses at sentencing. (Obj. at 1194–20.) But "'[a]ctual innocence' means factual innocence, not mere legal insufficiency." *Bousley*, 523 U.S. at 623. Echols' complaints about the sufficiency of the trial evidence and the legitimacy of the sentence and underlying complaint do not demonstrate that this is the "extraordinary case where the petitioner demonstrates his actual innocence." *Carter v. Mitchell*, 443 F.3d 517, 538 (6th Cir. 2006) (citing, among authority, *Murray*, 477 U.S. at 496); *see, e.g., Malcum v. Burt*, 276 F. Supp. 2d 664, 677 (E.D. Mich. 2003) (sufficiency of the evidence argument insufficient to invoke the actual innocence exception to the procedural default doctrine); *see also Schlub*, 513 U.S. at 316 ("Without any new evidence of innocence, even the existence of a concededly meritorious constitutional violation is not in itself sufficient to establish a miscarriage of justice that would allow a habeas court to reach the merits of a barred claim.").

The fact that Echols repackages these merits arguments alongside unsupported conclusions that "clearly a miscarriage of justice has occurred in [the] present case" does not change the Court's analysis. (*See, e.g*., Obj. at 1193.) *See Sweet v. Delo*, 125 F.3d 1144, 1152 n.9 (8th Cir. 1997) (conclusory allegations of actual innocence insufficient to excuse procedural

default). At the federal habeas level, the burden is on Echols to demonstrate a credible actual innocence claim, and his unsupported representations fail to satisfy this burden. *See Floyd v. Alexander*, 148 F.3d 615, 618 (6th Cir. 1998); *see also House v. Bell*, 547 U.S. 518, 538, 126 S. Ct. 2064, 165 L. Ed. 2d 1 (2006) ("A petitioner's burden at the gateway stage is to demonstrate that more likely than not, in light of the new evidence . . . any reasonable juror would have reasonable doubt.").

Because Echols failed to meet his burden of advancing a credible actual innocence claim, the Court agrees with the magistrate judge that the grounds asserted in Echols' habeas petition are procedurally barred. Echols' objections to the R&R are OVERRULED.

## IV. CONCLUSION

For the foregoing reasons, the R&R is ACCEPTED and the petition for a writ of habeas corpus is DISMISSED. Further, for the same reasons, the Court CERTIFIES that an appeal from this decision could not be taken in good faith, and that there is no basis upon which to issue a certificate of appealability. 28 U.S.C. § 2253; Fed. R. App. P. 22(b).

**IT IS SO ORDERED**.

Dated: December 9, 2019

**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**